IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mario Alberto Garcia, | Crim. No. 4:10-cr-00765-TLW |
| | C/A No. 4:14-cv-00099-TLW |
| **PETITIONER** | |
| v. | **Order** |
| United States of America, | |
| **RESPONDENT** | |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Mario Alberto Garcia. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner, a Mexican national, pled guilty to a drug conspiracy charge. He received a three-level role enhancement[1] and was sentenced to 200 months imprisonment.

Petitioner then filed a § 2255 petition in which he asserted several grounds for relief, including that his counsel was ineffective in failing to file a notice of appeal despite being directed to do so. The Court granted the petition as to that claim, vacated and immediately reinstated his conviction, and dismissed the remainder of the claims without prejudice. He then filed a direct appeal, and the Fourth Circuit affirmed. *United States v. Garcia*, 540 F. App'x 164 (4th Cir. 2013).

Petitioner then timely filed this § 2255 petition, setting forth two grounds for relief: (1)

---

[1] The Presentence Investigation Report gave him a four-level enhancement, but the Court concluded at sentencing that a three-level enhancement was appropriate.

1

that his sentencing enhancements were decided by the Court, rather than a jury, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013);[2] and (2) ineffective assistance of counsel. The Government filed a response in opposition and a motion for summary judgment, and he filed a reply.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

---

[2] It is not completely clear from his filings whether he is challenging both his role enhancement and the drug weight, or just the role enhancement. Regardless, the analysis is the same.

§ 2255(b).   The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.   Standard of Review

Petitioner brings this petition pro se.   Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims.   *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).   These pleadings are held to a less stringent standard than those drafted by attorneys.   *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.   Only those questions which are squarely presented to a court may properly be addressed."   *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment.   "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.   Discussion

As noted above, Petitioner asserts two grounds for relief—a violation of *Alleyne* and ineffective assistance of counsel.

3

A.     *Alleyne*

As Petitioner was sentenced prior to the *Alleyne* decision (he was sentenced on June 5, 2012 and *Alleyne* was released on June 17, 2013), for him to be entitled to relief under that decision, it would have to apply retroactively.  Simply put, *Alleyne* does not apply retroactively. *See, e.g.*, *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) ("The [Supreme] Court has not held that *Alleyne* applies retroactively to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that the constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review, and noting that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive).

Additionally, to the extent that Petitioner alleges that he is entitled to relief based on the general principles discussed in *Alleyne*, he is incorrect.  "*Apprendi* concluded that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime." *Alleyne*, 133 S. Ct. at 2160 (quoting *Apprendi*, 530 U.S. at 490).  Here, there were no facts that increased the statutory range of penalties.  The three-level role enhancement (and the drug weight, to the extent he also challenges that) did not increase the statutory range of penalties; it only altered his advisory guideline range.  Accordingly, he is not entitled to relief under *Alleyne*.

B.     **Ineffective assistance of counsel**

Petitioner also asserts that he was deprived of his Sixth Amendment right to the effective assistance of counsel because, he alleges, his counsel failed to inform him that his guilty plea

would cause him to be deported, in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010).[3]

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988); *see also Padilla*, 559 U.S. at 366 (concluding that *Strickland* applies to a *Padilla* claim). "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. Failure of proof on either *Strickland* prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

Here, there is a factual dispute about what, if anything, Petitioner's counsel told him regarding the effect a guilty plea would have on his immigration status. However, it is not necessary for the Court to resolve that question because, even assuming that his counsel did not discuss this subject with him, he has failed to assert any prejudice as a result of that omission. In his § 2255 petition, he asserts only that he was not informed that his guilty plea would cause him to be deported. ECF No. 258 at 4. In his memorandum in support of his petition, he only addresses the *Alleyne* issue and does not address the *Padilla* issue. In his reply to the

---

[3] Petitioner's lawyers dispute this assertion. One says that she does not specifically recall whether she had such a conversation with him, but that she is aware of *Padilla* and that it is her standard practice to inquire about a client's immigration status and inform him of any possible adverse consequences of pleading guilty. ECF No. 266-1. The other lawyer unequivocally says that they discussed his immigration status prior to his guilty plea, including that he would be deported after his release from prison. ECF No. 266-2.

Government's motion for summary judgment, he addresses his counsels' affidavits, but he does not assert that he was prejudiced by their alleged *Padilla* violation.  He has shown neither "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 59, nor that "a decision to reject the plea bargain would have been rational under the circumstances," *Padilla*, 559 U.S. at 372. Accordingly, because he has failed to allege the kind of prejudice that would satisfy *Strickland*'s second prong, he is not entitled to relief pursuant to § 2255.  *See Hill*, 474 U.S. at 60.

## V.      Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 265, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 258, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<i>s/ Terry L. Wooten</i>
Terry L. Wooten
Chief United States District Judge

June 30, 2015
Columbia, South Carolina