IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mario Alberto Garcia,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:10-cr-00765-TLW-1<br>C/A No. 4:16-cv-01937-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Mario Alberto Garcia. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge. He was sentenced to 200 months imprisonment.[1]

Petitioner then filed a § 2255 petition in which he asserted several grounds for relief, including that his counsel was ineffective in failing to file a notice of appeal despite being directed to do so. ECF No. 216  The Court granted the petition as to that claim, vacated and immediately reinstated his conviction, and dismissed the remainder of the claims without prejudice. ECF No. 237. He then filed a direct appeal, and the Fourth Circuit affirmed. *United States v. Garcia*, 540 F. App'x 164 (4th Cir. 2013).

---

[1] His sentence was subsequently reduced to 180 months pursuant to Amendment 782 to the sentencing guidelines. ECF No. 284.

1

Petitioner then timely filed another § 2255 petition, setting forth two grounds for relief: (1) that his sentencing enhancements were decided by the Court, rather than a jury, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (2) ineffective assistance of counsel. ECF No. 258. After briefing, the Court granted the Government's motion for summary judgment and dismissed the petition. ECF No. 278. He did not file a direct appeal.

Petitioner filed the instant § 2255 petition on June 10, 2016.[2] ECF No. 289. The basis of his petition is not entirely clear, as the only argument of any substance is his statement that "the minium of drug quanity – the miniuim of the drug quanity first time it should not applied to me." *Id.* at 8. In any event, he has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.   Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

2

successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III.  Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 289, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 11, 2016
Columbia, South Carolina

4